UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| VANCE EDWARD JOHNSON, | CASE No. 1:15-cv-01613-LJO-MJS (PC) |
|---|---|
| Plaintiff, | **FINDINGS AND RECOMMENDATION TO DISMISS ACTION WITH PREJUDICE FOR FAILURE TO STATE A CLAIM** |
| v. | |
| J. FORTUNE, et al., | **(ECF No. 9)** |
| Defendants. | **FOURTEEN (14) DAY OBJECTION DEADLINE** |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. (ECF No. 1, 4.)

On November 20, 2015, the Court dismissed Plaintiff's complaint for failure to state a claim, but gave leave to amend. (ECF No. 7.) His first amended complaint is before the Court for screening.

I.  **SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which

relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

## II. PLEADING STANDARD

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

## III. PLAINTIFF'S ALLEGATIONS

Plaintiff's allegations are essentially unchanged from those contained in his initial complaint.

Plaintiff is incarcerated at Pleasant Valley State Prison, where the acts giving rise to his complaint occurred. He names Physician Assistant ("PA") J. Fortune as the sole Defendant. His allegations may be summarized essentially as follows.

Plaintiff suffers from chronic pain, arthritis, and degenerative disc disease. Plaintiff was prescribed Tylenol 3 for his pain.

On July 9, 2014, Plaintiff met with PA Fortune, who wanted to take Plaintiff off of Tylenol 3 immediately because he did not think that opiates should be "a front line treatment" for arthritis and that Plaintiff instead should be on a NSAID. Plaintiff was in visible pain during the visit and Fortune knew Plaintiff was in pain. When Plaintiff threatened to file a lawsuit, Defendant continued the medication and scheduled Plaintiff for a 60-day follow-up.

On September 5, 2014, Plaintiff again met with PA Fortune. At this appointment, Defendant went beyond the scope of his duties and license when he stopped prescribing Tylenol 3 without a doctor's approval and knowing that Plaintiff's pain was worse in cold weather. Defendant prescribed Naproxyn, which worked for inflammation but not pain. He also prescribed another medication that did not work at all, leaving Plaintiff to suffer "in excruciating, unbearable pain" for 2.5 months. Fortune wrote in Plaintiff's chart that he was not allergic to any medication.

Plaintiff eventually was prescribed a stronger medication, presumably by someone other than Defendant. This medication caused an allergic reaction, which required a brief hospitalization. Plaintiff was later re-prescribed Tylenol 3 by a doctor.

Plaintiff seeks $50,000 in compensatory damages, $50,000 in punitive damages, and removal of Defendant from his position as a PA.

**IV.    ANALYSIS**

Deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. See Estelle v. Gamble, 429 U.S. 97, 102-04 (1975). "In the Ninth Circuit, the test for deliberate

indifference consists of two parts. First, the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. Second, the plaintiff must show the defendant's response to the need was deliberately indifferent. This second prong ... is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal citations, punctuation and quotation marks omitted).

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06). "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995); McGuckin, 974 F.2d at 1050, overruled on other grounds, WMX, 104 F.3d at 1136. Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

Plaintiff's allegations are nearly identical to those contained in his original complaint. For the same reasons stated in the Court's prior screening order, Plaintiff's amended complaint fails to state a claim for relief under Section 1983.

A medical professional is not deliberately indifferent to an inmate's serious medical need when he prescribes a different method of treatment than that requested by the inmate. A difference of opinion between medical professionals concerning the appropriate course of treatment generally does not amount to deliberate indifference to

serious medical needs. Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989). Also, "a difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a [§] 1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981). To establish that such a difference of opinion amounted to deliberate indifference, the prisoner "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances" and "that they chose this course in conscious disregard of an excessive risk to [the prisoner's] health." See Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996); see also Wilhelm v. Rotman, 680 F.3d 1113, 1123 (9th Cir. 2012) (awareness of need for treatment followed by unnecessary delay in implementing the prescribed treatment sufficient to plead deliberate indifference); see also Snow v. McDaniel, 681 F.3d 978, 988 (9th Cir. 2012) (decision of non-treating, non-specialist physicians to repeatedly deny recommended surgical treatment may be medically unacceptable under all the circumstances). The allegations in Plaintiff's complaint fail to meet this demanding standard.

**V.     CONCLUSION AND RECOMMENDATION**

Plaintiff's first amended complaint fails to state a cognizable claim. He previously was advised of pleading deficiencies and afforded the opportunity to correct them. He failed to do so. Any further leave to amend reasonably appears futile and should be denied.

The undersigned recommends that the action be dismissed with prejudice, that dismissal count as a strike pursuant to 28 U.S.C. § 1915(g), and that the Clerk of the Court terminate any and all pending motions and close the case.

The findings and recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with the findings and recommendation, the parties may file written objections with the Court. The document should be captioned

1  "Objections to Magistrate Judge's Findings and Recommendation." A party may respond to another party's objections by filing a response within fourteen (14) days after being served with a copy of that party's objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   April 13, 2016                   /s/ *Michael J. Seng*
                                          UNITED STATES MAGISTRATE JUDGE